IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL DAVIS           * | |
|     Plaintiff | |
|                          * | |
| v.                             * | CIVIL ACTION NO. AW-08-2553 |
|                          * | |
| WARDEN, et al | |
|     Defendant         * | |
| ****** | |

## MEMORANDUM OPINION

On September 26, 2008, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983 seeking compensatory damages and alleging violations of his due process rights. Counsel for Defendants has filed a dispositive motion (Paper No. 17) which shall be treated as a motion for summary judgment. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2009).

### 1. Factual Background

Plaintiff complains that he was placed on administrative segregation on April 30, 2008, at the North Branch Correctional Institutions due to his refusal to participate in the Quality of Life Program. Plaintiff also states that there is no programming available at NBCI which will help him prepare for his re-entry to society. Paper No. 3.

The undisputed record indicates that Plaintiff was on disciplinary segregation from February 28, 2008 until December 29, 2008, when he was placed on administrative segregation. He remained

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on July 30, 2009, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 18. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

on administrative segregation until his release to general population on January 23, 2009.  Paper No. 17, Ex. 1.  Upon his release to general population he was eligible for an institutional job.  *Id*.

## 2. Standard of review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### 3. Analysis

Prisoners do not have a constitutional right to access programs or to demand to be housed in one prison setting verses another. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations. *Id.* at 484. Thus, any due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id.* Following the reasoning of the Supreme Court in *Sandin*, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative segregation because, when compared with conditions they would expect to experience as an ordinary incident of prison life, such placement does not constitute an atypical and significant hardship. *See Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996).

In *Beverati*, the Fourth Circuit affirming the decision of this court, that placement in administrative segregation did not comparatively constitute the type of hardship necessary to give rise to a liberty interest in avoiding such placement. *See Beverati*, 120 F.3d at 503. The Court finds nothing in the record or pleadings in this case which shows that the nature of Plaintiff's assignment to administrative segregation comprised the atypical hardship contemplated by *Sandin* or *Beverati,* as placement in a housing unit that provides for a higher degree of prisoner monitoring is not atypical. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Likewise, Plaintiff's alleged lack of

access to programming does not state a claim.  *See also Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992) (prisoners do not have a constitutionally protected right to work while incarcerated, or to remain in a particular job once assigned); *Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978).

### 4. Conclusion

Given the foregoing, Defendants are entitled to summary judgment in this case.  A separate Order shall be entered in accordance with this Memorandum Opinion.

Date:  January 14, 2010

_____/s/_____
Alexander Williams, Jr.
United States District Judge